UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALLEN D. MCCLOSKEY, et al.,<br><br>   Plaintiffs,<br><br>      v.<br><br>HUMBOLDT COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>   Defendants. | Case No.  23-cv-01699-RMI<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 9 |

Before the court is Plaintiffs' Motion to Appoint Counsel in a civil case. (Dkt. 9). Pursuant to Civil Local Rule 7-1(b), the court finds that the motion to appoint counsel is appropriate for decision without oral argument, and that the matter can be decided on the papers.

Generally, there is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18 (1981). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*.

At this time, the court does not find that any exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. Without passing judgment as to the likelihood of success of Plaintiffs' claims, the court finds that Plaintiffs have been able to articulate their claims adequately in light of the relative complexity of the issues involved. *See*

*Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel at this juncture is DENIED.

**IT IS SO ORDERED.**

Dated: April 20, 2023

_____
ROBERT M. ILLMAN
United States Magistrate Judge