AFFIDAVIT OF SERVICE OF MAIL & ELECTRONIC SERVICE



*STATE OF CALIFORNIA*
*COUNTY OF SHASTA*

I, MICHAEL DANTE', say:

That I am a citizen of the United States, over 18 years of age, and resident of the County of Shasta, State of California, and not a party to the forthcoming legal action(s); that my address is 1551 Market Street Suite 215 Redding, California; that I served a true copy of the attached PLAINTIFF' FIRST AMENDED COMPLAINT NO.1 , by placing said copies in US Postal Service Flat Rate Priority Box addressed to the respondent at their following addresses:

Mitchell Law Firm
426 1st St. Eureka, CA 95501
kmcwilliams@mitchelllawfirm.com
nkloeppel@mitchelllawfirm.com

and, therefore, were on the 17th Day of May 2023, deposited in the United State mail at the City of Redding, California; that there is delivery service by the United States mail at the places so addressed.

I certify and declare, under the penalty of perjury that the following is true and correct.

Executed on the 17th Day of May 2023 at the City of Redding, County of Shasta, State of California.



Michael Dante'



## MEMO

### FROM THE DESK OF ALLEN DONALD MCCLOSKEY

**TO:**   **HONORABLE, MAGISTRATE RMI**

**FROM:**   ALLEN DONALD MCCLOSKEY & ANTONIO MORENO MUNGUIA
**SUBJECT:**   CASE NO. _23-CV-01699-RMI_ AND PLAINTIFFS' AMENDED COMPLAINT NO. 1

**DATE:**   MAY 17, 2023
**CC:**   CASE FILE; DEFENDANT COUNSEL

Dear Magistrate, RMI

    Attached you will find; *Plaintiffs' First Amended Complaint No. 1,* **McCloskey, Moreno v. County of Humboldt, et.al.,** which is '*redacted*' to be in compliance with the Courts observations as stated in the Courts Orders of April 26, 2023 and May 15, 2023, respectively.

    Please know that there was absolutely no deliberate disregard for the Courts Orders and/or the Authority of the Honorable RMI. Plaintiffs' were not served and/or mailed a copy of the Order by way of U.S. Postal Service and we therefore unaware of the Courts Order of April 26th and that upon being made aware of the Order of the 26th and subsequently the Order of May 15th by a local attorney who inquired of our response to the Orders, which immediately commended our attention and correction action in the form of providing the Court with the Amended-redacted Complaint and the attached 'Consent to Declination to Magistrate Judge Jurisdiction' 28 U.S.C. 636(c) for Plaintiff, Antonio Moreno-Munguia.

    Please accept our most sincere apologies for any delay and know that there exists no agenda and/or deliberate disregard on our part with regards to the Courts Order(s) or authority but rather have limited access to internet and/or do not understand how to use the Courts Electronic Filing System(s) and have to rely on hard copy documents. Additionally, with my Lupus and other health issues "disabilities" having the Clerk provide hard copies of Orders by U.S. mail would be most appreciated and a gracious accommodation that would allow for my aides to assist in keeping all of the documents, forms, filings, motions and orders in proper arrangement and to assure that there exists no likelihood of such tardiness on my/our part as the Plaintiffs'.

Respectfully,

Allen Donald McCloskey

1

2

3

4    **UNITED STATES DISTRICT COURT**

5    **NORTHERN DISTRICT OF CALIFORNIA**

6

7

8    **ALLEN DONALD MCCLOSKEY, ANTONIO MORENO-MUNGUIA**

Case No.: **23-cv-01699-RMI**

9                    Plaintiffs,

10   vs.

**1. VIOLATIONS OF THE SECOND, FOURTH & FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION (42 U.S.C. § 1983)**

11   **HUMBOLDT COUNTY SHERIFF, HUMBOLDT COUNTY DHHS AND HUMBOLDT COUNTY ACTING AGENTS-DOE'S 1 TO 50, INCLUSIVE,**

**2. SEVERAL COUNTS OF GROSS NEGLIGENCE WHILE ACTING UNDER COLOR OF LAW 42 U.S CODE § 1983**

12

**3. INVASION OF PRIVACY & SECLUSION & DISCLOSURE OF PRIVATE FACTS & FALSE LIGHT VIOLATIONS**

13                    Defendants,

**4. INJUNCTIVE RELIEF**

14

**5. POLICE OFFICER MISCONDUCT; (18 U.S.C. § 242)**

15

**6. VIOLATIONS OF THE DISABLED PERSON ACT (TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AND SECTION 504 OF THE REHABILITATION ACT OF 1973)**

16

17

**7. DELIBERATE AND WILLFULL INDIFFERENCE TO SERIOUSLY DISABLED-INCAPACITATED VICTIM(S); (18 U.S.C. § 242)**

18

**8. FAILURE TO INTERVENE BY UNIFORMED DEPUTIES AND ACTING AGENCY REPRESENTATIVE; (18 U.S.C. § 242)**

19

**9. SEVERE DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW; (18 U.S.C. § 242)**

20

21

**10. VIOLATIONS OF THE INDIAN CHILD WELFARE ACT I.C.W.A (25 U.S.C. §§ 1901–1963)**

22        Acting In-Propria-Persona the Plaintiffs hereby present these claims in the form of this the

23   Plaintiffs' First Amended Complaint No. 1, before the Court;

24        Dated this 17th day of May, 2023.

25

26                                          _____
ALLEN DONALD McCLOSKEY

27

28                                          ANTONIO MORENO-MUNGUIA

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

1.  Plaintiffs Allen Don McCloskey, Antonio Moreno Munguia, hereby brings this action(s) and all Causes of Action against Defendant County of Humboldt (the "County") and its various "County Acting Agents"; the Humboldt County Sheriff's Department (the "Sheriff's Department"); the Humboldt County Department of Health and Human Services (the "County DHHS"), and collectively with the County Agency Representative(s) Sheriff William "Billy" Honsal and DHHS Director Connie Beck, the "Entity Defendants" and all other liable "County Acting Agents" which Plaintiffs are ignorant of the true names or true titles and/or capacities of the Defendants which are sued herein under the fictitious names Defendant or Defendant Doe 1 through Defendant Doe 50, inclusive. Plaintiffs are informed and believe that each of the Doe Defendants were responsible in some manner for the occurrences and injuries alleged in this complaint. At all times herein mentioned, Doe Defendant 1 through 50 were California residents. By way of this complaint plaintiffs seek damages to remedy violations of rights under the United States Constitution and for several causes of action including but possibly not limited to, negligence and invasion of privacy pursuant to California law and for violations of the Indian Child Welfare Act, and for malicious prosecution, violations of the Disabled Persons Act and the American with Disabilities Act, and;

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to California Code of Civil Procedure section 394 because Defendants are public agencies situated in Humboldt County and the violations of law that gave rise to this Complaint occurred in Humboldt County. Plaintiffs also hereby brings claims for violations of the Second and Fourteenth Amendment of the United State Constitution under 42 U.S.C. section 1983, and this Court has supplemental jurisdiction over Plaintiffs' state law claims, and;

3.  Venue is most proper in this Court pursuant to 28 U.S.C. sections 1391(b) and California Code of Civil Procedure section 394, because Defendants in this action are individuals and public agencies and "County Government Acting Agents", situated in Humboldt County and because, on information and belief, all of the acts or omission giving rise to this complaint occurred in the District of Northern California, Humboldt County.

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

**THE PARTIES**

4. At all times herein mentioned, Allen Don McCloskey, Antonio Moreno-Munguia and their household, hereinafter "PLAINTIFFS," were residents of Humboldt County, California. Defendants' conduct in relation to PLAINTIFFS hereinafter alleged occurred in Humboldt County, California; and,

5. Plaintiffs unfortunately are ignorant of all of the true names, titles and/or capacities of the Defendants sued herein under the fictitious names Defendant Doe 1 through Defendant Doe 50, inclusive. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained through discovery. Plaintiffs are informed and believe that each of the Doe Defendants were responsible in some manner for the occurrences and injuries alleged in this complaint. At all times herein mentioned, Doe Defendant 1 through 50 were California Humboldt County residents; and,

6. Defendant County of Humboldt is a municipal corporation duly authorized to operate under the laws of the State of California. Humboldt County DHHS and Humboldt County Sheriff's Department are Departments of the County of Humboldt; and,

7. Defendants Humboldt County Sheriff's Department and Humboldt County DHHS are local government entities created under the laws of the State of California and are departments of the Defendant County. The Sheriff's Department provides general law enforcement services to certain contract cities, including the City of Trinidad, California. The Humboldt County Sheriff's Department and Humboldt County DHHS work is directed by, among others, William "Billy" Honsal and Connie Beck, respectively; and,

8. Defendant County, Sheriff's Department and County DHHS and their other "County Acting Agents" are "persons" subject to suit within the meaning of 42 U.S.C. section 1983 See Monell v. New York Department of Social Services, 436 U.S. 658, 691 (1978); and,

9. Plaintiffs by way of their Representative acting *In-Propria-Persona* issued a claims settlement demand prior to commencing these civil court proceedings (See Exhibit titled-Humboldt County General Counsel Request to Conference) and that on October 4, 2022, County of Humboldt, Human Resources Risk Management Services, issued a 'notice of rejection' of all claims presented (See Attached such communication identified as Exhibit-Notice of Rejected Claim Against Humboldt County). Plaintiffs

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

within the statutory timeframe allowed under *Government code section 945.6* initiated this action only

after ascertaining that the Defendant(s) lacked the spirit of cooperation in resolving these claims

outside of these proceedings. Plaintiffs hereby maintain that all causes of action have been preserved

by way of Plaintiff's timely filing of this complaint with the Court and that per the Defendants

statements made by their "County Acting Agent", Amanda Phillips-Risk Manager/Safety

Administrator on October 4, 2022 "WARNING Subject to certain exception, you have only six (6)

months after the date this note was personally delivered or deposited in the mail to file a court action

on this claim. *Government Code section 945.6*." Furthermore, Plaintiffs contend that any attempts by

the Defendants to challenge the timing of the filing of these claims in their entirety in compliance with

Government Code "of any nature" be weighed against the Plaintiffs claims for exemption within the

scope and spirit of law codified within *Government Code section 911.6(b)(5)*; and,

## FACTS

10. Directly following Plaintiff Allen McCloskey's successful efforts to unionize Humboldt County's

largest private sector employer, Providence St. Joseph Health Systems, and the County's beloved

Fortuna-based Redwood Memorial Hospital, he and Plaintiff Antonio Moreno made the heartfelt

decision to pursue adoption and provide foster placement care for children in crisis. McCloskey and

Moreno pursued this calling by way of the Humboldt County Department of Health and Human

Services (Humboldt DHHS), Child-Welfare Services (CWS), Resource Family Approval Program

(RFA) (**and did eventually, succeed at Adopting**). This decision was not made by the two Plaintiffs

without very serious consideration and without weighing the meaning and purpose of caring for

children in severe crisis. After witnessing first-hand, the conditions that children were living in,

specifically the City of Eureka's 'Devil's Playground' and the extremely in-humane manner in which

the City of Eureka dismantled 'Devil's Playground', the two Plaintiffs, McCloskey and Moreno, made

the decision to pursue taking placement of two Sisters, herein identified as Jane Doe No. 1 and Jane

Doe No. 2 (Sisters). And that despite their severe childhood trauma and now being re-traumatized by

the Defendants and their "County Acting Agents", the two Sisters currently continue to show promise

under the care of their adoptive parents Mr. McCloskey and Mr. Moreno; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

11. In 2019 privately owned and politically motivated Lost Cost Outpost Bloggers posted an orchestrated political attack piece against Plaintiff McCloskey to make way for their shoe-in candidate of choice, their co-worker, fellow blogger, and a "DJ"-Cliff Berkowitz; and,

## FIRST, SECOND AND THIRD CAUSE OF ACTION

12. Following the release of the aforementioned orchestrated blog post to Lost Coast Outpost (by blogger Ryan Burns), Defendants "County Acting Agents" immediately began a blatantly and excessive and unlawful invasion of the McCloskey-Moreno Plaintiff's household; going so far as to place Plaintiff McCloskey under false arrest on two separate occasions; subjecting Plaintiff McCloskey to unlawful search and seizure; unprecedented defamation after deliberately identifying Plaintiff McCloskey as a convicted felon (https://humboldtgov.org/CivicAlerts.aspx?AID=4319) (See Exhibit titled-Humboldt County Sheriff Press Release); subjecting the _McCloskey-Moreno Plaintiff household_ to a full scale AGENCY invasion and two distinct unlawful and forceful removal of Native Children from their Culturally Appropriate RFA Yurok/Ner'-er-Ner' (Coastal Yurok) traditional ICWA home and placed them into non-native homes, thereby substantiating 3 separate and distinct "_Cause of Action"_ claims for violations of the Indian Child Welfare Act, 25 U.S.C. section 1901-1902; 25 CFR Part 23 (ICWA Regulations), 81 Fed.Reg. 96476 and California Senate Bill 678, Welfare & Inst. Code section 224(a)(2); Prob. Code section 1459.5; Fam. Code section 7907.3 and section 8620(g); Rule of Court 5.482; Rules of Court 5.486 et set., (ICWA). The Defendants "County Acting Agents" even going so far as to forcibly remove Jane Doe 1 and Jane Doe 2 from the home and care of Mr. McCloskey and Mr. Moreno along with an additional ICWA protected foster child and under the County of Humboldt "County Acting Agents" demands and threats of RFA foster home termination and licensure cancellation and immediate child removal, Plaintiffs were forced to allow and forced to watch their children and nieces sacred hair be mutilated and cut off in large patches (an additional ICWA and human rights violation). This was and remains one of the most in-humane violations and cause of action claims contained in this complaint considering the State of California's and the County of Humboldt's long-standing history of vile and in-human acts of violence and cultural genocide against the California Indian; and in-fact when considering that Plaintiff Allen McCloskey is only one

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

1   generations away from such past historical atrocities against his Grandfather's and Great-Uncle's at

2   U.S. Government California based "Indian Boarding Schools"; and,

**FOURTH CAUSE OF ACTION**

4   13. Defendants "County Acting Agents" knowingly and willfully subjected the Plaintiffs to habitual

5   harassment and retaliation and back-to-back nonsensical deliberately filed false reports and

6   unprecedented home and privacy invasions, all of which produced no meaningful findings or

7   conclusions of law but nonetheless resulted in several unlawful acts and violations by Defendants

8   "County Acting Agents". And that on several occasions the same Defendant "County Acting Agents"

9   were recorded and documented via zoom "family team meetings" and "placement preservation

10  meetings" openly defaming the Plaintiffs McCloskey and Moreno and that during these same meetings

11  Defendants "County Acting Agents" presented false evidence and extremely defamatory language and

12  wild and unsubstantiated claims and that these same Defendant "County Acting Agents" made video-

13  documented and/or what the law would call a "conscious, deliberate and determined effort to present

14  the Plaintiffs in a false light"; and,

**FIFTH CAUSE OF ACTION**

16  14.  In July of 2020 and several well-documented instances thereafter, the Defendants "County Acting

17  Agents" did willfully and deliberately refuse to honor the full-force and authority of the advanced

18  health-care directive and durable power of attorney over person and property 'Decedent Evelyn Natt',

19  and that as a result of Defendants "County Acting Agents" negligence and failure to investigate crimes

20  against 'Decedent Natt', Plaintiffs' and their real property located in Trinidad, California, sustained

21  *injuries and verifiable damages in excess of $58,000 (fifty-eight-thousand-dollars)*. In fact, the

22  Defendants "County Acting Agents" via Humboldt County Sheriff Deputy "Defendant Deputy Doe"

23  going so far as to directly violate Court Protective Orders for 'Decedent Natt' and even granting the

24  abusers access to 'Decedent Natt's' residence, despite both Mrs. Natt's person and the residence being

25  secured by Protective Orders issued by the Court on June 26, 2020, and despite Mrs. Natt's POA and

26  acting agent, Plaintiff -Allen Donald McCloskey having secured the residence, boarded all doors and

27  windows and posted notice of no entry. The direct interference from the Defendant "County Acting

28  Agents" and the failure of these same "County Acting Agents" to act under the law and safeguard

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

'Decedent Natt' and her residence, per the orders of the Court, is a major violation of the rights of a severely incapacitated and cognitively-intellectually-disabled person, which is without question a severe violation of law and a violation of the rights and protections that were due 'Decedent Natt' as a protected special class and also her acting POA-Plaintiff Allen Donald McCloskey; and,

15. On June 26, 2020, after witnessing a complete disregard for law and order and the rights of severely disabled and incapacitated 'Decedent Natt' completely disregarded, Plaintiff Allen Donald McCloskey, acting as Attorney-in-Fact petitioned the Court and the Court granted emergency protective orders for 'Decedent Evelyn Natt', her acting agent Plaintiff Allen Donald McCloskey, her team of caregivers and her residence in Trinidad, California. This legal undertaking required the retention of Eureka based firm Gale and Nielsen and Arcata based firm Stokes, Hamer, Kirk and Eads, LLP., at a cost exceeding $12,000 twelve-thousand-dollars; just in an attempt to regain the safety and security of 'Decedent Natt' as an extremely vulnerable victim of physical, emotional, and financial abuse and elder abuse as defined by law. These legal fees would not have been required if the Defendants "County Acting Agents" Humboldt County Sheriff's Department would have simply followed the very clear and delineated Power of Attorney, Advanced Healthcare Directive and Executor over Person and Property for 'Decedent Natt', and the proper ruling and protective orders of the Court, then the need and excessive cost(s) to engage specialty legal Counsel would not have been required; and,

16. On July 2, 2020, the POA and Sole Acting Agent for 'Decedent Evelyn Natt', acting with the authority of the Court called for assistance from Defendants "County Acting Agents" Humboldt County Sheriff Department. Defendant "Deputy Doe 2 – 8" refused to honor the Protective Orders, refused to honor the Durable Power of Attorney over person and property and all Advanced Healthcare and Personal Property Directives and refused to safeguard protected persons and property named in the Court Emergency Protective orders, of a severely medically-incapacitated adult, and failed to turn over to the care and custody of her legal POA and Acting Agent authorized by the Court and that the same Defendant "County Acting Agents" refused to honor the orders of the Court establishing authority to act in the best interest of a disabled and severely incapacitated elderly victim. To the contrary, the Defendants "Deputy Doe 2-8" departed the residence and refused to return when called upon by dispatch, resulting in Mrs. Natt being kidnapped from her residence and isolated away from her

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

primary care team, medical interventions and ultimately falling into failing health and being

hospitalized with pressure ulcerations, head injuries, fractured ribs, severe UTI and other related

infections and other injuries and severe health complications sustained after being placed in the care

and custody of the abusers by the Humboldt County Sheriff's Department "County Acting Agents."

Despite there being several reports of abuse made to Defendant "County Acting Agent" Humboldt

County Sheriff Department: July 2, 2020, November 14, 2020, November 20, 2020, and November 30,

2020, respectively, (see attached Exhibits titled Humboldt County Sheriff Elder Abuse Reports), the

Defendant "County Acting Agents" Sheriff Deputies undertook '*no meaningful investigation*' to

safeguard 'Decedent Natt' and her rights as a disabled person. As of the date of this filing there has

been no meaningful investigations into these matters; and,

## SIXTH CAUSE OF ACTION

17. On November 20, 2020, at 0950 Defendants "County Acting Agent" Humboldt County Sheriff

Deputy, J. Hearn, contacted Plaintiff, Allen McCloskey and informed him that he would be arrested on

the spot if he attempted to see 'Decedent Evelyn Natt' or go to her former residence in Trinidad.

Humboldt County Sheriff Deputy J. Hearn, "County Acting Agent" in this exchange, acting in her

official capacity, stated that it was the **"Departments determination"** that Mr. McCloskey had been

served and would be arrested if he attempted to contact Mrs. Natt." The Defendants actions/inactions

constitute(s) several claims: gross negligence while acting under the color of law, police officer

misconduct, violations of the disabled persons act, deliberate and willful indifference to a seriously

disabled-incapacitated victim, 18 U.S.C. section 242 and failure to intervene by uniformed Deputized

law enforcement, and substantiates claims for excessive deprivation of rights and due process under

the color of law. As a result of the Defendants "County Acting Agents" actions/inactions, 'Decedent

Evelyn Natt' and Plaintiff Allen McCloskey and his family lost invaluable time together in Mrs. Natt's

final days. In fact, Mrs. Natt expired on December 27, 2022, still not able to see, visit with, or enjoy

quality family time with Plaintiff Allen McCloskey, her Grandson, Power-of-Attorney, Attorney-In-

Fact for person and property and sole-Executor. Jane Doe 1 and Jane Doe 2 lost the ability to have and

experience quality of life and family events, holidays, birthdays, and other familial events with their

Grandmother as a result of the jaded version of justice distributed by Defendants "County Acting

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

Agents" Humboldt County Sheriff Department. As a result of Defendant "County Acting Agents" blatant refusal to honor the POA and Advanced Directives for Person and Property for Decedent Natt, Plaintiff McCloskey, acting as Attorney-In-Fact for Plaintiff Natt, had to incur attorney expenses for Probate and Family Law Attorneys Gale and Nielson, LLP and later Stokes, Hamer, Kirk and Eads, LLP in excess of $12,000 twelve-thousand-dollars in an attempt to restore law and order and ensure the safety and security of Plaintiff Natt and her in-home caregiving staff and immediate family, and her residence in Trinidad, California; and,

### SEVENTH CAUSE OF ACTION

18. Under normal policing standards and those standards identified and accepted by most major law enforcement agencies across the Country, reports of such abuse would have triggered a formal inquiry and/or internal affairs investigation. But Sheriff William "Billy" Honsal and "County Acting Agents" did not follow such a protocol. The Defendant "Deputy Doe's" did not conduct a standard investigation or collect, inspect, or search for evidence or signs of abuse or trauma. Defendant "Deputy Doe's" instead turned a blind eye and refused to intervene, refused to follow up on mandated reporter reports of elder and child abuse reports submitted in writing to Humboldt County Sheriff Department; and,

19. The above-described indifference and inaction by Defendant "County Acting Agents" was taken and/or not taken in order to avoid the unraveling and public realization of the legal-liability and statutory consequences of misconduct by "County Acting Agents" and/or failure to act by Sheriff Department Personnel and Humboldt County Adult Protective Services and/or other "County Acting Agents". At a minimum, in reckless disregard of the risk of injury to both persons and property, "County Acting Agents" failed to act per their duty under the laws of the State of California; and,

20. In November of 2020 Plaintiff, Allen McCloskey made a criminal report of a home burglary at his rented residence at 264 ½ N. Westhaven Drive; Defendants "County Acting Agents" Humboldt County Sheriff Department refused to investigate. As of the date of this filing the Sheriff Department has put forth no level of meaningful investigation into this criminal home burglary report but have spent countless hours obstructing Plaintiff McCloskey and going so far as to violate law and policy with respect to all matters pertaining to the Plaintiffs and their reports/complaints in their entirety; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

**EIGHT AND NINTH CAUSE OF ACTION**

21. On April 1, 2021 two (2) additional "Deputy Does" 3 and 4 and a (1) "Hoopa Tribal Police Deputy Doe 1" did violate Plaintiff McCloskey's rights when they placed him under false arrest, failed to mirandize him, detained his person and placed him under arrest and did deliberately trespass onto Plaintiffs residence before confining Plaintiff in a Sheriff patrol SUV and attempted to interrogate him without first substantiating Miranda Rights and on this same incident of April 1, 2021 these same "County Acting Agents" "Deputy Does 3 and 4 and (1) "Hoopa Tribal Police Deputy Doe 1" referred to Plaintiff as a "Rancheria Indian" and attempted to issue Plaintiff McCloskey a citation; only later to redact said citation in its entirety on account of their collective realization that they overstepped and errored in their blatant violation of Plaintiff McCloskey's rights (see attached Exhibit-Titled-Humboldt County Sheriff False Arrest Memo dated April 25, 2021); and,

22. It has been well established by the necessity for these formal proceedings and is only further amplified within each of the attached *exhibits and other documents and things* and as indicated by their own *recorded admission(s) and acknowledgment(s)*that "County Acting Agents" overstepped and operated outside of the purview of law, (specifically in regards to the two noted times that they unlawfully detained Plaintiff McCloskey, i.e., April 1, 2021 and October 29, 2021, respectively, and that they while acting in their official capacity allowed their own rattled fragility to sway their enforcement of law and policy; that they errored in using unlawful force at times and did on more than one occasion unlawfully place Plaintiff Allen McCloskey under arrest-detainer and did also deliberately detain him and remove from him all liberties without first *establishing cause and in keeping with the spirit of the law, investigate and establish criminal intent or any level of willful misconduct before establishing actual criminal actions and grounds for charges,* but instead hastily assumed and filled in all the blanks, which resulted in Plaintiff McCloskey's immediate unlawful arrest and the subsequent unprecedented terrorization of Plaintiff McCloskey's traditional 'native village home' by the Humboldt County Sheriff Department and its multiple agents and a myriad of unprecedented police presence including DEA, animal control, drug and cadaver K-9 units. Additionally, Plaintiffs hereby allege that "County Acting Agents" in their blind haste to SERVE UP JUSTICE, illegally entered and busted down the door to that the home of an eighty (80) year old disabled-neighbor; an action which

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

1    was unequivocally not authorized by the *hasty warrant that was rubber stamped by a local Superior*

2    *Court Justice* who works closely with Defendant William "Billy" Honsal (politically and

3    professionally) but also the same Court Justice who signed off on a myriad of nonsensical and

4    retaliatory ex-parte' orders for the now "liable" County Department(s) "County Acting Agents",

5    *Superior Court Justice Hon. Joyce D. Hinrichs*. It is also the actions/inactions of the "County Acting

6    Agents" that resulted in Plaintiff McCloskey being publicly identified as a FELON (see Exhibit-

7    Humboldt County Sheriff Press Release) and Humboldt County Government "News Flash" which

8    remains prominently posted on the Official County Government Civic Engagement Website

9    (https://humboldtgov.org/CivicAlerts.aspx?AID=4319). The Press Release, County Agency News

10   Flash and Official County Government websites all bearing Plaintiff McCloskey's name and likeness

11   in a false light; and,

12  23. Plaintiffs hereby allege that the "County Acting Agents" actions of illegal search and seizure and

13       removal of Plaintiff McCloskey's legally purchased and licensed firearms and subsequently identifying

14       him a FELON is in fact a cause of action against Defendant "County Acting Agents" in their official

15       individual capacities used excessive force to detain Plaintiffs and to conduct each of their respective

16       investigations and searches, thereby substantiating Plaintiffs claims of violations of the Second, Fourth

17       and Fourteenth Amendment of the U.S. Constitution, Article 1, Sections 7 and 13 of the California

18       Constitution, 42 U.S.C. Section 1983 and 1988, and California Civil Code sections 52 and 52.1; and,

19

20  24. Plaintiffs furthermore contend there to be a cause of action for the two false arrests carried out against

21       Plaintiff McCloskey, constitutes a cause of action for false arrest, false imprisonment and excessive

22       force against all Defendant "County Acting Agents" in their official individual capacities and that

23       these same "County Acting Agents" conducted the detentions and subsequent search and seizures with

24       excessive force in direct violation of Plaintiffs' rights under the U.S. and California Constitutions,

25       including the unlawful seizure of Plaintiff McCloskey's Constitutionally protected personal firearms;

26       and,

27

28

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

**TENTH CAUSE OF ACTION**

25. Plaintiffs furthermore contend there to be a cause of action against all Defendant "County Acting Agents" in their individual and official capacities and that they deliberately and willfully "deprived Plaintiffs of their rights to be secure in their person against unreasonable search and seizure of their person in violation of article 1 sections 7 and 13 of the California Constitution, and California Civil Code sections 52, 52.1. Plaintiffs seek to recover emotional distress and punitive damages; and,

**ELEVENTH CAUSE OF ACTION**

26. Plaintiffs allege based on information and belief that in the days and weeks following the unprecedented invasion and complete dismantling of Plaintiff McCloskey's Chevrolet Tahoe, residence, outlying buildings, sheds, dog kennels and more, Humboldt County Sheriff Deputies, Defendant "County Acting Agents" disclosed investigatory details, i.e., photos, recordings, and other media while getting a haircut at the McKinleyville Barbershop in McKinleyville, California. A routine fade and touch up barber location for many Humboldt County Sheriff Deputies. During the course of events surrounding the two unlawful arrests and unlawful detainers of Plaintiff McCloskey, the Sheriff Department and Department Leadership were placed on "ACTUAL" notice of obligation to preserve all evidence and data enumerated in a formal "Notice of Preservation" served on the Clerk of the Board (See attached Exhibit titled-Humboldt County Notice of Preservation), and that data which was subject to preservation may have been shared and then possibly deleted and/or that Department Leadership failed to put forth the required effort to ensure preservation of such personal data. In fact, Plaintiffs hereby contend that Sheriff Department Leadership simply instructed Defendant "Deputy Doe's" to delete photos taken at the residence of Plaintiff McCloskey. At the time of being served with the "Notice of Preservation" and the Department leadership simply ordering deletion of photos and recordings but falling short of conducting any meaningful investigation, the Department and the County knew or should have known that the actions of Deputies and County Personnel, including arresting officers conduct the day of the most recent arrest in Trinidad, California, and/or that any Law Enforcement conduct in the days and weeks following the unlawful arrest, constituted tortious conduct under California law and violation the constitutional rights of the Plaintiffs herein named. Hence, the

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

Department and the appropriate "County Acting Agent" had an obligation to preserve evidence of the "County Acting Agents" wrongdoings, including any associated metadata, and, as trained law enforcement officers, Sheriff Department leadership knew or should have known that evidence of this nature may and shall be relevant to future litigation and investigations, as is clearly delineated in the myriad of memos and notice of preservation served on the Defendants Agent, Humboldt County Clerk of the Board; and,

27. The Plaintiffs allege, based on evidence and prior conclusions of law, and Defendants "County Acting Agents" Humboldt County Sheriff Department and its Acting Department Head, Sheriff William "Billy" Honsal, demure to such prior conclusions of the Courts, adjudication of the Courts that stipulates amongst other charges, that Defendants "County Acting Agents" Humboldt County Sheriff Department has/have an *actual prior criminal history of Officer-Department misconduct, embezzlement, sexual misconduct and molestation of inmates, Office of the County Coroner by former Humboldt County Sheriff and City of Eureka Mayor, Frank Jager-Shenanigans and the theft and/or misappropriation and/or securing of the estate property of the deceased under circumstances of questionable moral turpitude; and,*

28. The Plaintiffs allege that the "County Acting Agents" at the time of the noted violations possessed no detailed training field manual and the County Government of Humboldt failed to train and/or to maintain a detailed training manual to train its employees and Deputies "County Acting Agents" in a policy exclusively and/or uniquely addressing ICWA Indian Child Welfare Act, Indian Persons-possessing a unique-dull citizenry to the County of Humboldt-State of California and that of their respective Sovereign Tribe(s); and that the County Government failed to train and/or to maintain a training manual to train its employees and Deputies "County Acting Agents" in a policy addressing Photos and Videos of Work-Related data on personal cell phones or other non-Department devices; and,

29. In addition to failing to establish specific policy regarding the treatment and American Indian Persons and the photographing of sensitive cultural items, cultural human remains, personal living space and/or any items or areas not directly related to scene/investigatory processing and even then, should not be shared and/or distributed to third parties. Additionally, Plaintiffs allege that Defendants "County

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

Acting Agents" did not follow or enforce its own policy regarding "Deputy Doe's" use of personal cell phones to capture work-related data; and,

30. Plaintiffs contend that directly following the unprecedented invasion of the Plaintiffs residence and after being informed of the existence of photos and videos and that these photos and videos had in fact been shared with and/or discussed with outside third parties for non-law-enforcement purposes, that Plaintiff immediately placed Defendants on notice and demanded that any all photos or video in the possession of or disseminated by Sheriff's Department personnel be preserved. Plaintiffs further requested that the Sheriff's Department and DHHS and all other "County Acting Agents" conduct an internal affairs investigation "to determine the extent of the unauthorized taking and dissemination of photos and videos" and the identities of any and all law enforcement and/or County Personnel "County Acting Agents" involved and to provide for the swift reprimand of those involved; and,

31. Plaintiffs contend that any efforts by the Defendant "County Acting Agents" to now attempt to respond to and/or meet their statutory obligations under law by responding to any notice of preservation outside of these formal proceedings to be disingenuous and frankly inappropriate at this juncture considering the seriousness and advanced escalation of these civil Court proceedings; and,

32. The Humboldt County Sheriff Department; The Humboldt County DHHS; The Humboldt County CWS Child Welfare Services; and the Humboldt County APS Adult Protective Services has yet to deliver any meaningful investigatory findings and/or any meaningful findings against the Plaintiffs. Plaintiffs further contend that there exists absolutely no conclusion of law from any Court against the Plaintiffs that would substantiate any attempts and/or claims of a prior criminal background. In fact, the Plaintiffs McCloskey and Moreno have both been fingerprinted and licensed by Humboldt County Sheriff, Eureka Police Department, California Department of Justice, Federal Bureau of Investigation, and the U.S. Department of Health and Human Services. Substantively, private investigative findings retained by the Plaintiffs reveals that the Sheriff's Department and County DHHS has failed to take even the most basic steps to ensure all inappropriate behavior, photo sharing, invasion of privacy and that those Deputies responsible is tracked down using metadata and that all such data is in fact sequestered and preserved in the fashion and format called for in the original Notice of Preservation; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

33. Plaintiffs contend that indeed, at no point during the culmination of events did Department investigators forensically examine the phones and/or devices of personnel known to have possessed and/or shared photos/videos of the Plaintiffs, their persons, residence, likeness, belongings, animals and/or cultural items and other protected items using a personal device. Instead, the Defendants efforts basically rest on conclusions drawn entirely on unverified, unsworn statements made by the offending personnel; and,

34. Predictably, Defendants' direct and/or indirect actions/inactions directly/indirectly attributed to spoliation of evidence and disregard for the various notices of preservation shall greatly inhibit any future investigative findings; and,

35. As detailed above, each of the Defendant "Deputy Doe's" exhibited consciousness of guilt as is evidenced in their recorded statements and acknowledgements, and that such consciousness of guilt and recorded statements acknowledging their behavior, (i) showed a willingness and ability to retain possession of photos of the Plaintiffs person, likeness, minor children, animals and other personal items of cultural and religious significance; all with absolutely no legitimate government purpose; (ii) demonstrated an unhealthy fixation and curiosity of the Plaintiffs; (iii) exhibited a willingness to share the photos and videos with others, including through electronic transmission, without any legitimate government purpose; (iv) displayed an almost un-apologetic consciousness of guilt, by way of their deliberate indifference, failure to act, and false exculpatory statements to investigators and the Deputy District Attorney. As of the date of this filing the Defendant "County Acting Agents" refuse to provide all of the data requested and data called for in the various notices of preservation served on the Clerk of the Board. This conscious decision to continue to attempt to conceal the facts in the wake of the various well documented Plaintiff complaints and now these formal civil proceedings, strongly suggests that Defendants "County Acting Agents" misconduct as it relates to these complaints was/is more extensive than they have admitted and/or care to acknowledge as it relates to these formal proceedings; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

36. Each of the Plaintiffs have suffered (and continues to suffer) severe emotional distress from witnessing and surviving the blatantly perverse gratification of law enforcement officers and other "County Acting Agents, while freely violating Plaintiffs rights and privileges afforded them by law and Constitution. Plaintiffs' now suffer from severe PTSD post-traumatic stress disorder, major depression disorders, major anxiety disorders, and major social anxiety disorders and have had to relocate out of the County, forced to sell their family home and residence in Eureka, California and also forced from their traditional village home located in Trinidad, California (*Ner'-er-Ner'*), and that when forced to flee their traditional home (*Ner'-er-Ner'*) Trinidad Coastal Village. Plaintiffs also left behind a lucrative corporate medical traveler housing business and several property management opportunities; Plaintiffs were forced to flee their traditional home in order to provide for relief from the fear and anxiety of proximity and continued unlawful attacks and additional malicious prosecution and any future attempts by "County Acting Agents" to unlawfully detain, invade their person and/or their home, schools, places of employment or otherwise, and/or any future attempts by "County Acting Agents" to paint any/all of the named Plaintiffs' in a false light. This is a fear that is eminently reasonable in light of the circumstances and the severity of the violations committed by Defendants against the Plaintiffs and their young children, and considering that the "County Acting Agents", albeit acting in bad faith, were able to violate Plaintiffs rights and to such an extent, and the unbridled ability to act with aggression, bias and deliberate retaliation, all under the veil and authority of law, is and remains extremely disconcerting and an all to real probability to the Plaintiffs and their families; and

37. The Plaintiff's fears have been exacerbated by the fact that, despite the respective County Government Agency and its proper Acting Agency Representative, i.e., Humboldt County Sheriff Department-William "Billy" Honsal and Humboldt County DHHS-Connie Beck having received direct and verifiable, communications to *"cease and desist",* these Department Heads took absolutely no steps that a reasonable supervisor, let alone a highly-trained professional investigators would take in order to ascertain confirmation of all facts and claims, to prevent any additional invasions of privacy and/or inappropriate dissemination of photos or videos or any forms of data in their possession or other forms of data, and to provide for timely compliance with the notice of preservations; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

38. The Plaintiff's fear and anxiety has of course been reinforced by the County Governments Website News Flash and Humboldt County Sheriff Press Release and the continued use of the Plaintiffs name, images, likeness and other identifiers naming the Plaintiff a FELON and a person in criminal FELONY possession of a firearm; and,

39. The exact accounts are in fact *"eminently plausible"* in light of the sheer number of "County Acting Agents" and Law Enforcement Personnel who took and shared photos of the Plaintiffs and their residence, had unbridled access to Plaintiffs residence and personal belongings and other private and sensitive cultural items and sacred spaces and the Department's grossly inadequate steps to prevent violation of rights and privacy and to account for the inappropriate dissemination of otherwise private information/facts. For the foreseeable future, Plaintiffs and their families will almost certainly continue to encounter claims of recollection of the Plaintiffs name, likeness, image, residence, and reputation to these unlawful violations and deliberate invasions of privacy perpetuated by the now liable "County Acting Agents"; and,

40. Avoiding thoughts and PTSD flashes and recalls of the "County Acting Agents" Humboldt County Sheriff's Office and Humboldt County DHHS misconduct has been impossible for the Plaintiffs, as Plaintiffs are constantly reminded of it online, in conversation, by way of a simple google search, employment search or otherwise. And that online trolls and hobby bloggers like those from Lost Cost Outpost have exploited the tragic circumstances and the Sheriff's and County DHHS misconduct for the purpose of click-bait traffic and to taunt and hurt the Plaintiffs and to assist in continuing a biased narrative against Plaintiff McCloskey; and,

41. Plaintiffs contend that all Defendant "County Acting Agents" were acting under the color of law at the time of their actions/inactions; and,

42. Plaintiffs contend that Pursuant to 42 U.S.C section 1983 entities are liable for constitutional violations when execution of their official policy or custom deprives an individual of their constitutional rights. A public entity is also liable for constitutional violations when its failure to establish a policy or procedure or to properly train, supervise, and/or discipline its employees amounts to deliberate indifference to the rights of the persons with whom its employees' come into contact; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

43. The Humboldt County Sheriff's Department and Humboldt County DHHS and CWS and APS and all "County Acting Agents" who had contact with the Plaintiffs acted with deliberate indifference to the Constitutional rights of the Plaintiffs and others similarly situated through the misconduct and error and omissions set forth herein, which consist of the following customs, policies, and/or patterns of practice:

   a) Failing to adequately train and supervise Sheriff Department and DHHS County Personnel to ensure they do not violate Federal, State and *Tribal laws and/or Laws and/or Policy relating to "Indian Children" and laws and legal precedent established by the Indian Child Welfare Act; and/or those laws and policies unique to American Indian Persons, Children, and American Indian Households* and,

   b) Failing to establish a policy or procedure addressing the treatment of each of the matters contained herein, specifically, and unequivocally in the context of ICWA Indian Child Welfare Act and all Applicable Local Humboldt County Tribal Laws, Policies and or Tribal Procedures; and,

   c) Failing to adequately investigate and discipline Sheriff's Department and County DHHS County Personnel "County Acting Agents" who violated Plaintiffs rights and Constitutional privileges and failing to investigate and discipline County Personnel who disseminated Plaintiffs personal, confidential, or otherwise not known information without any legitimate governmental purpose, other than to smear Plaintiffs; and,

44. Based purely on facts set forth herein, the Humboldt County Sheriff's Department and County DHHS were on actual and/or constructive notice of preservation and notice that such egregious violation of privacy existed and would likely result in violation of constitutional rights and rights to privacy; and,

45. The actions of the Defendants "County Acting Agents" Humboldt County Sheriff's Department, Humboldt County DHHS and other County Personnel, reflect an unfortunate pattern of practice and/or custom, as evidenced by the fact that this egregious misconduct was not limited to a *lone employee* or lone acting agent. Rather, as is evidenced by these proceedings, the plethora of documentary evidence, Defendants acknowledgement and consciousness of guilt, all directly substantiate the totality of the

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

claims presented herein. In addition, the State of California by way of its State Attorney General,
Xavier Becerra, now the *25th Untied States Secretary of Health and Human Services*, and Kamala
Harris, California Attorney General now the *United States 49th Vice President* established, very clearly,
that, there in-fact "*exists very serious mismanagement of child abuse and neglect cases involving
Native American ICWA protected children*", and so by way of formal and proper adjudication by the
Court it was established that the Humboldt County Sheriff's Department and Humboldt County DHHS
was in-fact negligent and would require oversight of the Court and in-fact later required the Court to
order them to comply with the prior orders of the Court and the orders of the related stipulated
judgements (*See exhibit titled-People of the State of California v. Humboldt County DHHS and
Humboldt County Sheriff's Office*). Plaintiffs contend that this kind of disregard for obligation to law
and policy and more specifically the orders of the Court, speaks directly to the brazen and all so bold,
"County Acting Agents" disregard to obligations under law and policy and more notably obligations to
demure to orders of this Court; and,

46. As a direct and proximate result of the Humboldt County Sheriff's Department and the Humboldt
County DHHS, "County Acting Agents", and the County's failure to establish real time and specific
policy addressing ICWA Indian Child Welfare Act and all matters pertaining to Indian Children and
Indian Families and duly enrolled elderly Tribal Citizens, and yet U.S. Citizens, who reside not within
the jurisdiction or U.S. Government Bureau of Indian Affairs Tribal Reservation boundaries but to the
contrary on fee lands, as a special protected class with the unique dual tribal *quasi*-sovereign citizenry,
with unique protections under Federal, Tribal, and now rights and protections codified in State Laws.
As a result of this negligence/failure Plaintiff's suffered (and continue to suffer) severe emotional,
mental, and physical distress; and

47. Pursuant to California Government Code section 8209(a), public employees are liable for injuries
caused by their acts or omissions to the same extent as a private person; and,

48. The Defendants in their collective capacity owed a duty to the Plaintiff's to use prudent care and
attentiveness and adherence to law and policy. The Defendants additionally owned a duty to the
Plaintiff's to use professional standards in all interactions and in securing, storing, and preventing the
dissemination of images/facts or items in their possession; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

49. The Defendants breached their duties to Plaintiffs by not adhering to law and policy and by not adhering to professional standards and sharing data, photos, and/or other information for personal, non-law-enforcement purposes, including by electronic transmission with persons outside of law-enforcement; and,

50. The Defendants foresaw or should have foreseen that their conduct described herein would injure the Plaintiff's; and,

51. In committing the acts alleged herein, the Defendants are guilty of oppression, fraud, and/or malice within the meaning of California Civil Code section 3294, entitling Plaintiff's to punitive and exemplary damages in an amount appropriate to punish the Defendants "County Acting Agents" and to make a public example of the Defendants before the Community; and,

52. Pursuant to California Government Code section 815.2, the Humboldt County Sheriff's Department, and the Humboldt County DHHS, the "County Acting Agents" are liable for injuries proximately caused by acts or omissions of their employees within the scope of their employment. At all times material, the Defendants and all "County Acting Agents" who had access to Plaintiffs property, belongings, photos, or other valuables and who disseminated such items for personal, non-law-enforcement purposes were employed by the County of Humboldt and were under their respective Department's direction and control when they engaged in the violations of law referenced herein. These liable "County Acting Agents" were able to access Plaintiff's homes, properties, vehicle's, person and data by virtue of their employment capacity with the Humboldt County Sheriff's Department or Humboldt County DHHS, respectively. Hence, the actions described herein were taken within the course and scope of the individuals' employment, and the County Government and the Humboldt County Sheriff's Department and Humboldt County DHHS, and the County of Humboldt are hereby liable for their negligent and unlawful conduct; and,

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff's respectively pray for the following relief:

1. For compensatory damages in an amount to be amplified at trial; and

2. For any additional general, specific, consequential, and incidental damages in an amount to be amplified at trial; and

3. For nominal damages; and

4. For punitive damages against the Defendants *in an amount appropriate to punish them and make of them an example before the Community; and*

5. For an award that Defendants pay all the Plaintiff's collective costs for attorney's, legal consultants, expert witness fees, paralegals and time spent "In-Propria-Persona" to present this case to the Court;

6. For all interest, as permitted by law; and

7. For such other relief as the Court deems just and proper considering the severity of the misconduct of the Defendants "County Acting Agents"; and

8. For a Write-of-Mandate compelling Humboldt County Sheriff and Humboldt DHHS to comply with ICWA Indian Child Welfare Act in its entirety and to immediately cease and desist any further occurrence(s), acts, omission and/or deliberate efforts to circumvent ICWA Indian Child Welfare Act, in its entirety; and

9. For preliminary injunctive relief in the form of an 'ex-parte' **emergency Court protection order** restraining the Defendants and their "County Acting Agents" from any additional harassment, annoyance, invasions of privacy, unlawful search and seizure, and/or a NO CONTACT ORDER as a result of these proceedings and until such time as Plaintiffs complaints can be reviewed by the Court in their entirety; and

10. For the immediate return of the following personal property unlawfully seized by the Humboldt County Sheriff's Department, Humboldt County "County Acting Agents" during their aggressive and unprecedent full scale agency invasion of Plaintiffs traditional village Ner'-er-Ner' Coastal Yurok residence located at 264 ½ North Westhaven Drive and not 264 Westhaven Drive North-that being the home and residence of the (80) eight-year-old neighbor Linda Franks-Roberts:

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

(i)     Three (3) legal-smead pressboard classification file folders, 2 dividers, 2" expansion legal size organizers with six (6) filing surfaces each. Each containing hundreds of pages of confidential documents pertaining to Plaintiffs lengthy investigations into Humboldt County Sheriff's Deputies and others excessive speeding and disregard for public safety and children and elders who walk Westhaven Drive.

(ii)    Three (3) legal-smead pressboard classification file folders, 2 dividers, 2" expansion legal size organizers with six (6) filing surfaces each. Each containing data pertaining to the Sheriff's Departments negligence in the case of the severely disabled and incapacitated Plaintiff, Evelyn Griffith Natt. These files included copies of items such as Power of Attorney documents and a myriad of medical documents with regards to the Plaintiffs, their personal estate documents, and various forms of communications with County staff and Sherriff Deputies and various legal files and documents and things.

(iii)   For the immediate return of $22,000 twenty-two-thousand-dollars of traceable asset "cash" that was in the Plaintiffs residence at the time of the unprecedented Sheriff's Department search and seizure.

(iv)    For return of four (4) USB flash drives that each contained 250GB of data not even remotely within the scope of the Defendants "County Acting Agents" Law Enforcement duties and/or not within the scope of any pending legal matters or investigations, but rather contained private investigator reports and findings on several Local Humboldt County Politicians and as well as State Politicians Mike McGuire and James Wood.

(v)     For the Court to order Defendant "County Acting Agents" via the County Government, to issue timely payment in the amount of $2,000 to settle physical damages to the residence(s) and outlying structures of the (80) eighty year old neighbor (Linda Robert of 264 N. Westhaven Drive and not 264 ½ N. Westhaven Drive, two very separate and distinct residences, baring separate and distinct address markers) who's residence was broken into and unlawfully entered by the Humboldt County Sheriff Department "County Acting Agents"; an act of aggression and major oversight that was unequivocally not permitted within the very scope and authority of the ex-parte' hasty search warrant

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1

1    secured by DEA Humboldt "County Acting Agent", Sgt. Matthew Tomlin (see Exhibit-

2    titled-DEA Search Warrant 10.29.2021)

3    (vi)    For the Court to order the Defendants "County Acting Agents" via the County

4    Government, to issue immediate reimbursement to Plaintiff McCloskey for the verifiable

5    and yet most unnecessary cost of having to secure a $25,000 bail bond (an out of pocket

6    expense to Plaintiff Allen McCloskey in the amount of $2,500) on account of the false

7    arrest/detention and charges of FELONY firearm and ammunition possession

8    PC29800(A) and PC30305(a); and that the Court issue a Write-of-Mandate to Humboldt

9    County Sheriff's Department and the Office of the District Attorney for Humboldt

10    County, to immediately redact these false charges and to also to remove any agency press

11    release, statements, photos, plaintiffs likeness, name or residence association with these

12    false and malicious charges.

13    (vii)   For the return of the following firearms and ammunition unlawfully seized from Plaintiff

14    Allen McCloskey's residence:

15        a)   ruger 45 Cal Handgun Sir No. 66488097

16        b)   12 gauge Escort Shotgun Sir No. 185591

17        c)   30/30 1894 Lever Action Winchester Family heirloom

18        d)   all ammunition unlawfully seized at Plaintiff's residence

19

20    DATED: 5/17/2023                           Respectfully submitted,

21

22                                               By:
                                                 Allen Donald McCloskey
23                                               In-Propria-Persona

24                                               By:
25                                               Antonio Moreno-Munguia
                                                 In-Propria-Persona

26

27

28

PLAINTIFFS' FIRST AMENDED COMPLAINT NO. 1