UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALLEN D. MCCLOSKEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HUMBOLDT COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 23-cv-01699-RMI<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 36, 37 |

Now pending before the court is Defendants' Motion (dkt. 36) seeking dismissal of Plaintiff's Second Amend Complaint ("SAC") (dkt. 36), as well as Plaintiffs' Motion (dkt. 37) requesting another reconsideration of a previous denial of their motion seeking appointment of counsel. Both motions have been fully briefed (*see* dkts. 38, 43, 44, 45), and pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds these matters suitable for disposition without oral argument.

Previously, the court dismissed Plaintiffs' First Amended Complaint ("FAC") with leave to amend. *See* Order (dkt. 34) at 15. In doing so, the court noted that Plaintiffs' FAC was not compliant with Fed. R. Civ. P. 8's requirement for a clear and concise statement of facts underlying each claim for relief. Plaintiffs were instructed as follows:

> Any amended complaint to be filed shall be clearly labelled "Second Amended Complaint." The pleading shall have a separate section entitled, "Statement of Facts." That fact statement shall consist of **only** factual statements without any editorialization, argumentative content, or legal conclusions. As mentioned above, factual statements concern things such as: what happened, when it happened, where it happened, how it happened, by whom an act was done, by whom a statement was made, and so on and so forth. The fact statement shall contain the entirety of the factual allegations underlying all of the

|   |   |
|---|---|
| 1 | claims for relief. Following the statement of facts, Plaintiffs shall set forth each claim for relief in a separate section, under which they shall clearly set forth the nature of the claim (in light of the standards that the court has set forth for Plaintiffs' benefit herein) along with a **clear and concise** recitation of which facts support that claim and an explanation as to why Plaintiffs are entitled to relief in that regard. In light of the statutes of limitations issues discussed herein, Plaintiffs shall take special care to clearly set forth dates and timelines regarding the facts underlying each of their claims – failure to do so may result in individual claims – or the entirety of the complaint – being stricken. Furthermore, if Plaintiffs' next operative complaint fails to satisfy Rule 8's requirements as to clarity and conciseness, the court will dismiss it summarily.<br>*Id*. at 14-15 (emphasis in original). |

Notwithstanding this clear admonition, in composing and filing the SAC, Plaintiffs largely ignored these instructions, and filed what is a substantially similar document – suffering from the same defects as the FAC. As was the case with the FAC, the SAC is anything but simple, concise, and direct, and it fails to present a clear and concise factual narrative because it is – once again – overwhelmed with confusing and difficult-to-follow argumentative content. *See id*. at 4 (identifying the same problem with the FAC) ("Because [the FAC] is so saturated by editorialization and conclusory assertions rather than clearly-asserted factual allegations, its presentation has become disjointed and difficult to comprehend."). For these reasons, Defendants' Motion is **GRANTED in part**, and the SAC is **DISMISSED with leave to amend**.

If Plaintiffs wish to continue on with this case, they are **ORDERED** to file an amended pleading, clearly entitled, "Third Amended Complaint," no later than 30 days after the date of this Order. Failure to file an amended pleading within that timeframe will result in dismissal of the case. Plaintiffs should be forewarned that this is their final opportunity to amend their complaint. No further leave to amend will be granted, which means that if Plaintiffs' failure to follow the instructions set forth in the Court's previous Order of Dismissal (dkt. 34) continue, and if Plaintiffs once again fail to adhere to Rule 8's requirement for a clear and concise statement of facts underlying their claims (devoid of convoluted and confusing argumentative content), their forthcoming complaint will be dismissed with prejudice, judgment will be entered, and the case will be closed.

Lastly, at the outset of this case, Plaintiffs requested the appointment of counsel. *See* Pls.' Mot. (dkt. 9). That request was denied on grounds that the court did not find there to be any

exceptional circumstances that would warrant seeking volunteer counsel to accept a *pro bono* appointment – nor did the court find that the issues presented in the case were attended with a degree of complexity that would render Plaintiffs incapable of articulating the facts giving rise to the claims, or the claims themselves. *See* Order (dkt. 10) at 1-2. Some time later, Plaintiffs renewed their motion (dkt. 17), which the court denied. *See* Order (dkt. 24). Plaintiffs have once again moved for reconsideration (dkt. 37). For the reasons previously stated (*see* dkt. 10), Plaintiffs' request is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 15, 2024

ROBERT M. ILLMAN
United States Magistrate Judge