UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALLEN D. MCCLOSKEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HUMBOLDT COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | Case No. 23-cv-01699-RMI <br><br> **ORDER DISMISSING CASE WITH PREJUDICE** |

In November of 2023, the court dismissed Plaintiffs' First Amended Complaint and granted Plaintiffs leave to file another amended pleading subject to a number of specific instructions that were calculated to bring the pleading in line with the standards set forth in Fed. Rule Civ. P. 8. *See* Order of Nov. 14, 2023 (dkt. 34) at 15. As stated by the court at that time, Plaintiffs' complaint was due to be dismissed because the allegations were so convoluted, prolix, and difficult to understand, and because the pleading was so saturated with editorialization and conclusory assertions that bore no apparent logical relation between each other or the claims asserted. *See id*. at 4-15.

Plaintiff then filed a substantially similar document; that is, one that almost entirely ignored the instructions that were set forth in the court's Order of November 14, 2023. *See* Second Amend. Compl. ("SAC") (dkt. 35). Thereafter, following what was the third round of briefing on Defendants' motions to dismiss (*see* dkts. 5, 11, 25, 27, 30, 36, 38, 43), the court entered another Order informing Plaintiffs that they had failed to follow the instructions set forth in the court's previous Order, given that the SAC was substantially similar to the FAC. *See* Order of July 15, 2024 (dkt. 48). On this occasion, Plaintiffs were given one last chance to follow the court's

instructions and to file a pleading that satisfied Rule 8's requirement for a clear and concise statement of facts underlying each claim. *Id*. at 1-2. Plaintiffs were given 30 days within which to file such and amendment and were forewarned to the following effect:

> If Plaintiffs wish to continue on with this case, they are **ORDERED** to file an amended pleading, clearly entitled, "Third Amended Complaint," no later than 30 days after the date of this Order. Failure to file an amended pleading within that timeframe will result in dismissal of the case. Plaintiffs should be forewarned that this is their final opportunity to amend their complaint. No further leave to amend will be granted, which means that if Plaintiffs' failure to follow the instructions set forth in the Court's previous Order of Dismissal (dkt. 34) continue, and if Plaintiffs once again fail to adhere to Rule 8's requirement for a clear and concise statement of facts underlying their claims (devoid of convoluted and confusing argumentative content), their forthcoming complaint will be dismissed with prejudice, judgment will be entered, and the case will be closed.

*See* Order of July 15, 2024 (dkt. 48) at 2.

Plaintiffs' deadline for filing a Third Amended Complaint was therefore Wednesday, August 14, 2024. Now, one week after the expiration of that deadline, Plaintiffs have still neither filed any amended pleading, nor have they otherwise communicated with the court. Accordingly, for the reasons stated below, this case is **DISMISSED WITH PREJUDICE** for failure to prosecute.

District Courts may dismiss cases for failure to prosecute or for failure to comply with a court order. See Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); see also Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts must weigh five factors in determining whether to dismiss a case for failure to prosecute: the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Ferdik*,

963 F.2d at 1260-61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id*. at 1261. Here, the Court considers each factor in turn, and finds that the analysis of these factors weighs in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal" when a plaintiff fails to prosecute a case. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is also true here. Over the course of this case, the court has had to issue repeated orders in attempting to induce Plaintiffs to bring their pleadings into compliance with Rule 8's standards such that Defendants and the Court might understand the nature of the allegations and their relationship to the claims Plaintiffs have asserted, resulting in repeated delays. The court finds that Plaintiffs' ongoing lack of responsiveness to those concerns, coupled with their failure to file their latest pleading at all contravenes the "public's interest in expeditious resolution of litigation." *See Pagtalunan*, 291 F.3d at 642. Thus, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. Here, Plaintiffs have demonstrated routine noncompliance. Not only did Plaintiffs fail to follow the instructions set forth in the court's Order of November 14, 2023, but the Plaintiffs also failed the follow the instructions set forth in the court's Order of July 15, 2024. Plaintiffs' noncompliance "has [therefore] consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642. Accordingly, this factor too weighs in favor of dismissal.

Third, in order to establish prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*. (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In

3

*Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id*. Here, Plaintiffs have simply stopped participating in the case. After ignoring the instructions in the Court's Order of November 2023 and re-filing what was a substantially similar pleading, the Plaintiffs have simply stopped participating the case by allowing a 30-day deadline for filing another amended pleading to lapse, and they have done so without communicating with the court at all. Given the flouting of the court's Orders, and Plaintiffs' failure to otherwise communicate with the court since the entry of the Order of July 15, 2024, this factor also weighs in favor of dismissal.

Fourth, the Court has attempted to use less drastic alternatives that have proven ineffective. The Court has given Plaintiffs multiple opportunities to file a pleading that would satisfy Rule 8's requirements, and the court has expressly warned Plaintiffs that this case was at risk of dismissal for failure to prosecute. See Dkt. Nos. 34, 48. Lastly, because "[p]ublic policy favors disposition of cases on the merits . . . this factor [generally] weighs against dismissal." *See Pagtalunan*, 291 F.3d at 643. This is also true here, where Plaintiffs would be precluded from litigating their claims – albeit, it being due to their own failure to prosecute. However, because four of the five factors weigh in favor of dismissal, the court finds that dismissal of Plaintiffs' case for failure to prosecute is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs' action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment in Defendants' favor and against Plaintiffs, and to close the case.

**IT IS SO ORDERED.**

Dated: August 21, 2024

ROBERT M. ILLMAN
United States Magistrate Judge